OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



November 6, 2001

The Honorable Tim Cone
Criminal District Attorney
Upshur County Justice Center
405 North Titus Street
Gilmer, Texas 75644

Opinion No. JC-0433

Re: Whether a county commissioner may be reimbursed for expenses incurred in the official use of his personal vehicle (RQ-0402-JC)

Dear Mr. Cone:

You ask whether a county commissioner may be authorized to receive reimbursement for the use of his personal vehicle to conduct his official duties. For the reasons set forth below, we conclude that a county commissioner may be thus reimbursed.

Section 152.011 of the Local Government Code provides: "The commissioners court of a county shall set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds." TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999). In Attorney General Opinion H-992, this office said that article 3912k, the predecessor statute of section 152.011, "gives to the commissioners court authority to fix the amount which shall be received for travel expenses by county and precinct officials, including the commissioners themselves." Tex. Att'y Gen. Op. No. H-992 (1977) at 2. The opinion continues:

> No formula is specified for the calculation of traveling expenses. The legislature therefore apparently did not intend that members of the commissioners court would be required to show that traveling expenses allowed them had been actually incurred before payment could be made. Thus, we believe the legislature intended, in enacting article 3912k, to authorize counties to continue the type of lump-sum reimbursement for traveling expenses previously authorized by the legislature. Nonetheless, we believe that the use of the term "expense" in article 3912k requires that the sum set by the commissioners as "travel expense" reflect the expenses actually incurred by county officials in the conduct of official business. While county officials may receive a monthly travel allowance without the need to account for every mile traveled when their duties require traveling from their official stations on a continuing basis, the sum set

as a travel allowance must be premised upon some basis of fact and
reasonable calculation.

*Id.*

Likewise, in Attorney General Opinion JM-148, the attorney general held that a commissioners court was authorized to fix the amount of travel expense allowed to members of the court "so long as the allowance is reasonably related to official county business." Tex. Att'y Gen. Op. No. JM-148 (1984) at 3. Another opinion said that the county auditor may not require documentation from members of the commissioners court who receive fixed monthly travel expenses. *See* Tex. Att'y Gen. Op. No. JM-879 (1988) at 3.

Both Attorney General Opinions H-992 and JM-879 indicate that a commissioner's travel to and from his residence and office is not normally reimbursable. It is our opinion that a county commissioner may be authorized by the commissioners court to receive reimbursement for the use of his personal vehicle to conduct his official duties.

## S U M M A R Y

A county commissioner may be authorized by the commissioners court to receive reimbursement for the use of his personal vehicle to conduct his official duties.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee